UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:04-CV-1<br>Collier/Lee |
| USA MINING, INC.; USA BULLION RESOURCES, INC.; BUGSY MALONE'S SPEAKEASY, LLC; and DAN S. GEIGER, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:04-CV-138<br>Collier/Lee |
| USA MINING, INC.; USA BULLION RESOURCES, INC.; BUGSY MALONE'S SPEAKEASY, LLC; and DAN S. GEIGER, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is a motion filed by Defendant Dan S. Geiger, *pro se*, titled "Motion for Compulsory Joinder of Claims, and Consolidation of Actions pursuant to Federal Rules of Civil Procedure Rule 18, and Rule 42(a)" (Case No. 1:04-CV-138, Court File No. 22; Case No. 1:04-CV-1, Court File No. 24). The District Court referred this motion to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) for hearing and the issuance of a

report and recommendation ("R&R") as to the resolution of the motion (Case No. 1:04-CV-138, Court File No. 24). In preparing this R&R, the Court considered Geiger's motion, Plaintiff Pension Benefit Guaranty Corporation ("PBGC")'s response (Case No. 1:04-CV-138, Court File No. 27), Geiger's reply (Case No. 1:04-CV-138, Court File No. 34), Plaintiff Elaine L. Chao ("Chao")'s response (Case No. 1:04-CV-1, Court File No. 25)[1], and Geiger's submissions in the *Chao* case relating to the motion (Case No. 1:04-CV-1, Court File Nos. 26 and 28). For the reasons explained below, I **WILL RECOMMEND** the Court **GRANT IN PART** and **DENY IN PART** Geiger's motion.

I. <u>BACKGROUND</u>

On January 1, 2004, Plaintiff Chao, Secretary of the United States Department of Labor, filed a complaint against Geiger and other corporate defendants (USA Mining, Inc., USA Bullion Resources, Inc.; and Bugsy Malone's Speakeasy, LLC) to enforce provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. (Case No. 1:04-CV-1, Court File No. 1). Chao's allegations concern employee benefit plans for employees of SCT Yarns, Inc. and financial transactions involving the plans, Defendant Geiger, the corporate defendants named in the complaint, and other entities. The complaint seeks equitable relief that would restore assets to the plans, require the Defendants to disgorge any amounts they obtained due to ERISA violations, and enjoin each Defendant from further service with respect to an ERISA employee benefit plan, among other aspects of relief.

---

[1] Chao's response expressly adopts the response filed by PBGC without deviation or elaboration. Accordingly, reference in this R&R to PBGC's response will include, without specific mention, the response of Chao.

2

On May 10, 2004, Plaintiff PBGC filed a complaint against Geiger and the corporate defendants, also alleging violations of ERISA and seeking to obtain damages and equitable remedies for the violations, as well as alleging an alternative claim for breach of contract (Case No. 1:04-CV-138, Court File No. 1). PBGC alleges various financial transactions by the Defendants constituted violations of ERISA and caused losses to the employee benefit plans for SCT Yarns, Inc. Among other relief, the PBGC complaint seeks a judgment that the Defendants pay damages for various breaches of contract alleged in the complaint.

In his motion, Geiger moves the Court for compulsory joinder of claims and consolidation of the actions filed by Chao and PBGC against him and the corporate defendants (Case No. 1:04-CV-138; Court File No. 22). He contends the requirements of Fed. R. Civ. P. 42(a), regarding consolidation of actions, are satisfied because the two actions have common issues, subject matter, and questions that arise out of the same set of transactions (*id.* at 2-3). He notes the Plaintiffs are both agencies of the federal government and states the parties seek essentially the same remedies (*id.* at 3). Geiger also cites Rule 18(a), which concerns the joinder of multiple claims by one party against another, and he contends the joinder and consolidation of the actions will not inconvenience the parties and will promote judicial economy (*id.* at 3-4).

PBGC responded, expressing it would consent to the procedural consolidation of its case with the one filed by Chao for pretrial discovery and for all matters up to and including trial, provided that the Plaintiffs be allowed to fully pursue their respective claims and that the procedural differences between the cases be recognized (Case No. 1:04-CV-138; Court File No. 27, at 3-4). However, to the extent Geiger may be seeking a merger of the complaints through his citation to Fed. R. Civ. P. 18, PBGC opposes any substantive consolidation or joinder of its claims with those

3

filed by Chao (*id.* at 4). Finally, PBGC stated it would want to reserve the right to ask the Court to bifurcate the cases if that becomes necessary later (*id.* at 5).

Geiger's reply regarding his motion states, among other things, he does not intend for the Answer he filed in the *Chao* case to stand in the place of a specific answer to the allegations raised by PBGC, but rather he seeks an orderly consolidation of the actions that would promote the ongoing cooperation between Chao and PBGC in their dealings with the Defendants (Case No. 1:04-CV-138; Court File No. 34). In another submission to the Court (Case No. 1:04-CV-1; Court File No. 26), Geiger placed a copy of his original joinder/consolidation motion into the record of the *Chao* case and again urged the Court to consolidate the cases to promote judicial economy.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 42(a) provides "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . ." Whether to consolidate and the purposes and scope of any ordered consolidation are matters within the Court's discretion. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *see also EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) ("Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party.").

Upon review of the records of these two actions, I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources. Accordingly, I will recommend the District Court grant in part Geiger's motion (Case No. 1:04-CV-138, Court File No. 22) and order the above-captioned cases

4

consolidated for all purposes, including trial,[2] pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Further, I will recommend the Court deny in part the motion, to the extent it seeks any joinder of claims or relief pursuant to Fed. R. Civ. P. 18. In his briefing, Geiger used the terms "joinder," "consolidation," and their derivatives interchangeably as he requested the Court consolidate these two actions for the convenience and judicial economy to be gained as Chao's and the PBGC's claims proceed toward resolution. Thus, the recommended resolution of Geiger's motion provides the relief he has requested and yet does not impair the Plaintiff's abilities to fully pursue the claims they have raised in these actions.

III.    **CONCLUSION**

For the reasons stated above, I **RECOMMEND**[3] the District Court **GRANT IN PART** the "Motion for Compulsory Joinder of Claims, and Consolidation of Actions pursuant to Federal Rules of Civil Procedure Rule 18, and Rule 42(a)" filed by Defendant Dan S. Geiger (Case No. 1:04-CV-138, Court File No. 22; Case No. 1:04-CV-1, Court File No. 24) and **CONSOLIDATE** the above-captioned cases for all purposes, including trial, pursuant to Rule 42(a) of the Federal Rules of Civil

---

[2] For the sake of clarity, the recommended consolidation of these two actions would not impact the status of any entries of default requested by Plaintiffs or entered by the Clerk.

[3] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7, 106 S. Ct. 466, 472 n.7, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Procedure. Further, I **RECOMMEND** the Court **DENY IN PART** the motion, to the extent it seeks any joinder of claims or relief pursuant to Fed. R. Civ. P. 18. Finally, I **RECOMMEND** the Court identify Case No. 1:04-CV-1 as the lead case among these consolidated actions; **DIRECT** the parties to file all documents relating to these actions in Case No. 1:04-CV-1, pending final resolution of the cases; and **ORDER** that documents filed hereafter in Case No. 1:04-CV-1 will be deemed to have been filed also in Case No. 1:04-CV-138.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE