UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, and PENSION BENEFIT GUARANTY CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> USA MINING, INC.; USA BULLION RESOURCES, INC.; BUGSY MALONE'S SPEAKEASY, LLC; and DAN S. GEIGER, <br><br> Defendants. | No. 1:04-CV-1 (lead case) <br><br> Judge Curtis L. Collier |

## **M E M O R A N D U M**

Before the Court is a motion filed by *pro se* Defendant Dan S. Geiger ("Defendant") requesting the undersigned "disqualify himself from sitting on further proceedings" in this matter and "for a telephonic hearing on the instant motion" (Court File No. 48, p. 1). Defendant filed an affidavit in support of his motion (Court File No. 48, Exh. A, pp. 4-7).[1] Plaintiffs Elaine L. Chao, Secretary of Labor, United States Department of Labor and Pension Benefit Guaranty Corporation ("Plaintiffs") filed a brief in opposition to Defendant's motion (Court File No. 54). For the following reasons, Defendant's motion for recusal and telephonic hearing will be **DENIED**.

Defendant argues the Court's statements in a memorandum opinion filed in his criminal case (Case No. 1:02-CR-187) "raise serious doubt as to the Court's impartiality towards Defendant . . ."

---

[1] Defendant's affidavit adopts and incorporates the assertions made in his motion (*See* Court File No. 48, Exh. A, p. 5).

(*Id.* at p. 2). On August 16, 2004, Defendant was convicted by a jury of four counts of wire fraud in violation of 18 U.S.C. § 1343, three counts of graft in violation of 18 U.S.C. § 1954, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and six counts of money laundering in violation of 18 U.S.C. § 1957 (Criminal Court File No. 279). After the verdict was reached, Defendant was taken into custody and sentenced on February 4, 2005 to 108 months imprisonment (Criminal Court File No. 323). He appealed to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") on February 9, 2005 (Criminal Court File No. 321).

During the pendency of his appeal Defendant, acting *pro se*, filed a motion for immediate release from post-conviction incarceration pending his appeal (Criminal Court File No. 356). The Court denied his motion finding he had not proven by clear and convincing evidence he would not be likely to flee (*See* Criminal Court File Nos. 364, 365). In its memorandum opinion, the Court mentioned its "concern about Defendant's relationship with [Cherie] Phillips, considering her background" (Criminal Court File No. 364, p. 6).

Subsequent to Defendant's conviction, but prior to his sentencing, the Court learned from the Presentence Report, as well as from officers of the Pretrial Services Office, and the Assistant United States Attorney prosecuting the case, that Defendant had a relationship with Ms. Phillips. All of this information was conveyed in open court or in connection with probation and pretrial services officers providing the court information regarding releasing Defendant on bond or in connection with his sentencing. The Court also learned Defendant resided with Ms. Phillips in a residence that did not appear Ms. Phillips had the ability to purchase or maintain. There were additional questions raised about assets in Ms. Phillips' name that were unexplained. Both from the trial, motions filed regarding Defendant's assets, and allegations by the United States, the Court also

2

was aware there was some difficulty in tracing assets of Defendants. From this information the Court concluded there was an unacceptable risk Ms. Phillips would not ensure Defendant's presence at future proceedings.

Prior to sentencing, the Court learned Ms. Phillips had previously been employed as a topless nightclub dancer. Defendant takes issue with the Court's concern while focusing exclusively upon Ms. Phillips' prior occupation. He argues Ms. Phillips' prior employment was "legal, [as well as] morally and socially acceptable . . ." and therefore should have had no bearing on the Court's decision (Court File No. 48, p. 5). Defendant contends the Court's consideration of Ms. Phillips' background in its prior decision demonstrates it is biased and therefore unable to impartially consider the matters currently before the Court in this case. However, he ignores the other, more pressing, concerns the Court had regarding Ms. Phillips acting as security to ensure Defendant would not flee. Stated another way, the Court's concern was not with the morality or acceptability of Ms. Phillips' prior employment as a topless dancer. Rather, the Court's concern focused on whether Ms. Phillips was putting at risk property she actually owned. It did not appear likely that someone with Ms. Phillips' employment history, whether as a nightclub dancer or as a book store clerk, would have had the ability to purchase or maintain the residence she and Defendant resided in or the ability to purchase other assets that were in her name.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Generally, the basis for disqualification must stem from an extrajudicial source and judicial rulings alone are almost never sufficient. *Liteky v. United States*, 510 U.S. 540, 553-55 (1994). Additionally, 28 U.S.C. §144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . .

28 U.S.C. § 144. Facts in the affidavit must be accepted as true. *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir. 1983). The facts and reasons set out in the affidavit "must give fair and adequate support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (citations omitted). The legal standard requires the facts to be such as would "convince a reasonable man that a bias exists." *Id.* Further,

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky*, 510 U.S. at 555; *see also Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003).

"A judge has an obligation not to recuse himself when there is no occasion to do so." *United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967) (citing *In Re Union Leader Corp.*, 292 F.2d 381 (1st Cir. 1961). In furthering the policy of public confidence in the impartiality of the judicial process, a court must recuse itself where valid reasons are presented, but must not recuse itself where the proffered reasons are not valid. *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986); *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981) (rev'd on other grounds). "A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do." *Baskes*, 687 F.2d at 170; *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002) (a district

4

judge is under just as much of an obligation not to recuse himself unnecessarily as he is obligated to recuse himself when it does prove necessary); *Suson v. Zenith Radio Corp.*, 763 F.2d 304, 308-09 n. 2 (7th Cir. 1985) (a "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason"). Therefore, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

It is well settled Sections 144 and 455 "must be construed *in pari materia*" and "that disqualification under § 455(a) must be predicated as previously under § 144, upon extrajudicial conduct rather than on judicial conduct." *Story,* 716 F.2d at 1091 (citations omitted). The Court finds recusal is unwarranted in this case because recusal is mandated only if a reasonable person with knowledge of all the facts would conclude the Court's impartiality might reasonably be questioned. Defendant's allegations of bias exclusively relate to the Court's actions in judicial proceedings in this district. The Court learned of Defendant's relationship with Ms. Phillips and Ms. Phillips' background while it presided over Defendant's criminal case. The facts of prior or current proceedings are not bias and do not necessitate recusal in this case. *Liteky*, 510 U.S. at 555; *see also United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (previous adverse rulings do not demonstrate a court's impartiality); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) ("'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases.").

As outlined above, 28 U.S.C. § 455(a) establishes an objective standard, *United States v. Norton*, 700 F.2d 1072, 1076 (6th Cir. 1983), so that a "judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality." *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d

5

162, 164 (6th Cir. 1984). Defendant's motion and supporting affidavit simply do not support a claim of personal bias, and, in the mind of a reasonable person, there would be no question as to the Court's impartiality. *Story*, 716 F.2d at 1091.

For the foregoing reasons, the Court will **DENY** Defendant's motion for recusal (Court File No. 48). In addition, the Court believes it unnecessary to conduct a hearing with regards to Defendant's motion. Therefore, the Court will also **DENY** Defendant's request for a telephonic hearing (Court File No. 48).

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**