UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, ) | |
| United States Department of Labor ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:04-CV-1 |
| v. ) | |
| ) | Collier /Lee |
| USA MINING, INC., USA BULLION ) | |
| RESOURCES, INC., BUGSY MALONE'S ) | |
| SPEAKEASY, LLC, and DAN S. GEIGER, ) | |
| an individual, ) | |
| ) | |
| Defendants. ) | |

*-and-*

| | |
|---|---|
| PENSION BENEFIT GUARANTY ) | |
| CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:04-CV-138 |
| v. ) | |
| ) | Collier /Lee |
| USA MINING, INC., USA BULLION ) | |
| RESOURCES, INC., BUGSY MALONE'S ) | |
| SPEAKEASY, LLC, and DAN S. GEIGER, ) | |
| an individual, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM and ORDER**

**I**. **Introduction**

Before the Court are: (1) the joint motion of the Plaintiffs, the Secretary of Labor and the Pension Benefit Guaranty Corporation ("Plaintiffs"), for leave of Court to take the deposition of Defendant Dan S. Geiger ("Geiger"), to shorten Geiger's response time and for expedited review

[Doc. No. 60]; (2) Geiger's motion for a protective order against deposing him as an individual defendant under Fed. R. Civ. P. 26(c) and 30 (a)(2) and for a temporary stay of further proceedings [Doc. No. 65]; (3) Geiger's motion for a permanent order of telephonic and/or video appearance for all hearings and at civil trial [Doc. No. 66-1]; and (4) Geiger's motion to quash the notice of depositions served on him by Plaintiffs on August 31, 2006, as being improperly served and in violation of Fed. R. Civ. P. 30(a)(2) and (b)(1) [Doc. No. 68].

Geiger has filed a response in opposition to Plaintiffs' joint motion for leave of court to take his deposition, to shorten the time for his response and for expedited review [Doc. No. 67]. Plaintiffs have filed responses to: (1) Geiger's motion for a protective order and for a temporary stay of further proceedings [Doc. No. 70]; (2) Geiger's motion for a permanent order of telephonic and/or video appearance for all hearings and at civil trial [Doc. No. 77-1]; and (3) Geiger's motion to quash the Plaintiffs' notice of depositions [71-1].

Consequently, the aforementioned motions are now ripe for review. For the following reasons: (1) the Plaintiffs' joint motion to take Geiger's deposition [Doc. No. 60] is **GRANTED**; (2) the aspects of Plaintiffs' joint motion [Doc. No. 60] which seek to shorten the time for Geiger to file a response to their motion and for an expedited hearing will be **DENIED** as having been rendered **MOOT**; (3) that aspect of Plaintiffs' joint motion which seeks an extension of the discovery deadline [Doc. No. 60] is **GRANTED** as follows: the deadline for the completion of all discovery set forth in this Court's July 20, 2006 Scheduling Order [Doc. No. 49] is extended up to and including **Wednesday, November 1, 2006**, for the limited purpose of permitting the Plaintiffs to take Geiger's oral deposition; (4) Geiger's motion for a protective order and temporary stay of further proceedings [Doc. No. 65] is **DENIED**; (5) that aspect of Geiger's motion for a permanent

order permitting him to appear at all non-dispositive motion hearings by telephone and/or video conference [Doc. No. 66-1] is **DENIED**; and (6) Geiger's motion to quash the Plaintiffs' notice of depositions [Doc. No. 68] is **DENIED**.

## II.    Plaintiffs' Joint Motion to take Geiger's Deposition

Plaintiffs seek to take the deposition of Geiger under Fed. R. Civ. P. 30(a)(2) [Doc. No. 60 at 3]. Plaintiffs state that before seeking to take Geiger's deposition, they contacted the Taft Correction Institution in Taft, California, where Geiger is incarcerated and learned the correctional institution would prefer the deposition be scheduled on a Friday, Saturday, or Sunday [*id.* at 4]. Plaintiffs state they contacted Geiger on August 23, 2006 to schedule his deposition for September 15 or 16, 2006, but he would not agree to the deposition "because (1) the Court has not ruled on his motion to dismiss, which if granted, would be dispositive of the action; and (2) his criminal appeal is pending." [*id.*]. Plaintiffs assert Geiger's deposition is necessary in this action because

> Geiger is *the* central figure in the events surrounding Plaintiffs' allegations and claims . . . as the only individually named defendant in the lawsuit, he is the most knowledgeable individual of the events at issue. Plaintiffs therefore need to be able to depose Defendant Geiger. His deposition is not "unreasonably cumulative or duplicative" and the information sought from his deposition is not "obtainable from some other source."

[*id.* at 5] (emphasis in original). Plaintiffs further request that if Geiger's deposition is not able to proceed on September 15 or 16, 2006, the discovery period be extended until November 1, 2006 [*id.* at 8].

In his response in opposition to Plaintiffs' joint motion for leave of Court to take his deposition, Geiger asserts that permitting Plaintiffs to take his deposition while his criminal appeal is pending would violate his Fifth Amendment privilege against self-incrimination [Doc. No. 67 at

3

1-3]. Geiger also asserts that it should be irrelevant that he has "aggressively propounded discovery on Plaintiffs, or engaged in proper motion practice to assert his rights" and it is also irrelevant "that [he] is the only individually named defendant in the lawsuits, or that he may allegedly be the most knowledgeable individual of the events at issue" [*id.* at 4]. Geiger further asserts the information Plaintiffs seek in his deposition is available to them because they have seized his personal and corporate records [*id.* at 5]. Finally, Geiger asserts he has not employed tactics to delay discovery [*id.* at 6-8] and that an oral examination would be a burden to him [*id.* at 8].

Pursuant to Fed. R. Civ. P. 30(a)(2):

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,
>
> **(A)** a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;
>
> **(B)** the person to be examined already has been deposed in the case; or
>
> **(C)** a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

No party has asserted that the proposed deposition of Geiger would result in more than ten depositions being taken by any party and no party has asserted Geiger has already been deposed in this case. Further, pursuant to Fed. R. Civ. P. 26(d), a party may not seek discovery from any source prior to the parties' Rule 26(f) discovery planning conference. This Court's scheduling order of July

4

20, 2006 states, in pertinent part, "[t]he parties have held a discovery planning meeting as required by Rule 26(f)." [Doc. No. 49 at 1].

Thus, under Fed. R. Civ. P. 30(a)(2), Plaintiffs may obtain leave of Court to take Geiger's deposition consistent with the principles of Fed. R. Civ. P. 26(b)(2). Fed. R. Civ. P. 26(b)(2) states in pertinent part:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Pursuant to Fed. R. Civ. P. 30(a)(2) and 26(b)(2), a district

> court should grant leave to depose an incarcerated witness unless the objecting party shows that: (1) the deposition would be unreasonably cumulative or duplicative; (2) the party seeking the deposition has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit.

*Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578-79 (N.D. Tex. 2002) (citing Fed. R. Civ. P. 26(b)(2); *Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51, 53 (E.D. Pa. 1995).

In this instance, Geiger has failed to show that: (1) his deposition would be unreasonably cumulative or duplicative, (2) Plaintiffs had an opportunity to obtain the information sought in his deposition from some other source or (3) the burden and expense of the deposition outweighs its likely benefit. Geiger is the sole named individual Defendant in this action and the deposition will take place at the prison where he is currently incarcerated. Thus, any burden or expense associated

with traveling to the prison to take Geiger's deposition will fall on the Plaintiffs not Geiger. Further, the mere fact that Plaintiffs have Geiger's business records does not mean his deposition testimony is unnecessary to shed light on or otherwise explain those business records.

Finally, Geiger has asserted that taking his deposition while his criminal appeal is pending will violate his Fifth Amendment privilege against self-incrimination. In *Heller Healthcare Finance, Inc. v. Boyes*, No. CIV.A. 300CV1335D, 2002 WL 1558337 (N.D. Tex. Jul. 15, 2002), the court recognized that even if convicted, an individual's "Fifth Amendment privilege may continue throughout the pendency of his direct appeal." *Id.* at * 3. After stating the issuance and duration of a stay were within the court's sound discretion, the court further found staying the civil proceedings throughout the duration of the defendant's direct criminal appeal would be unduly burdensome to the opposing party and limited the stay of the civil proceedings only through the defendant's sentencing. *Id.* Similarly, the Sixth Circuit has held "[c]ivil and criminal actions may be brought either simultaneously or successively and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *S.E.C. v. Novaferon Labs, Inc.*, No. 91-3102, 1991 WL 158757, * 2 (6th Cir. Aug. 14, 1991), *cert. denied*, 502 U.S. 1101 (1992) (citing *S.E.C. v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980)). Thus, the Court finds the mere pendency of Geiger's direct criminal appeal is an insufficient basis to deny the Plaintiffs' joint motion to take Geiger's deposition.

Accordingly, the Plaintiffs' joint motion to take Geiger's deposition [Doc. No. 60] is **GRANTED**. Because the Court finds a hearing is not necessary to resolve this motion and as Geiger has responded in writing to Plaintiffs' joint motion, the remaining aspects of Plaintiffs' joint motion [Doc. No. 60]; namely, to shorten the time for Geiger to file a response to their motion and

for an expedited hearing will be **DENIED** as having been rendered **MOOT**. Lastly, because the Court has been unable to address the merits of the Plaintiffs' joint motion prior to the date they originally sought to schedule Geiger's deposition, September 15 or 16, 2006, and as Geiger's oral deposition must be taken on a Friday, Saturday or Sunday due to his incarceration, that aspect of Plaintiffs' joint motion which seeks an extension of the discovery deadline [Doc. No. 60] is **GRANTED** as follows: the deadline for the completion of all discovery set forth in this Court's July 20, 2006 Scheduling Order [Doc. No. 49] is extended up to and including **Wednesday, November 1, 2006**, for the purpose of permitting the Plaintiffs to take Geiger's oral deposition.

### III. Geiger's Motion for a Protective Order and for a Temporary Stay of Proceedings

Geiger moves: (1) for a protective order against deposing him under Fed. R. Civ. P. 26(c) and 30(a)(2) and the Fifth Amendment to the United States Constitution and (2) for a temporary stay of further proceedings "pending the Court's ruling on [his] Motion to dismiss **in personam** civil complaints against Defendant Dan S. Geiger pursuant to the Double Jeopardy Clause of the Fifth Amendment and Excessive Fines Clause of the Eighth Amendment" [Doc. No. 65 at 1-2] (emphasis in original). Geiger asserts that, due to the pendency of his direct criminal appeal, he will be "prejudiced by any 'compelled' testimony or deposition which may be used against him in further criminal proceedings" [*id.* at 3]. Geiger further asserts that

> [i]n view of the intertwined criminal and civil proceedings as demonstrated in Defendant's Double Jeopardy Motion, Defendant . . . invokes his rights under the Fifth Amendment self-incrimination privilege as regards to any compelled civil deposition or further interrogatories in the above-entitled cases.

[*id.* at 3-4] (emphasis in original). Geiger also assert that as the government has seized all of his "personal and corporate records, computers, financial records, memoradum [sic], contracts, and

7

other writings," the discovery the Plaintiffs seek in his deposition is available to them from other sources which are more convenient, less burdensome, or less expensive [*id.* at 5]. Finally, Geiger asserts a temporary stay against further proceedings pending a ruling on his motion to dismiss will not prejudice the Plaintiffs.

In their response in opposition to Geiger's motion [Doc. No. 70], Plaintiffs state Geiger seeks a protective order which would prevent his individual deposition based upon a blanket assertion of the Fifth Amendment privilege against self-incrimination [*id.* at 2]. Plaintiffs assert Geiger does not understand the proper procedure to invoke his Fifth Amendment privilege and, therefore, a protective order should not be granted to prevent the taking of his deposition based upon an improper blanket assertion of the Fifth Amendment privilege [*id.*]. Plaintiffs further assert Geiger's attempt to seek a stay of this action pending the resolution of his motion to dismiss is a meritless and transparent attempt to delay this action [*id.* at 3]. Plaintiffs also assert: (1) the discovery they seek through Geiger's deposition cannot be obtained from any other source which would be more convenient, less burdensome, and less expensive and (2) discovery of this action should not be stayed pending the Court's ruling on Geiger's motion to dismiss [*id.* at 7, 9-10].

To the extent Geiger seeks a protective order and stay of these proceedings based upon a blanket assertion of his Fifth Amendment privilege against self-incrimination, his arguments are misplaced. A blanket assertion of the Fifth Amendment privilege against self-incrimination may not be asserted prior to the propounding of a question to the individual asserting the privilege. *S.E.C. v. Thomas*, 116 F.R.D. 230, 234 (D. Utah 1987). A blanket refusal to answer questions based upon the Fifth Amendment privilege against self-incrimination is not sufficient to raise constitutional issues. *National Life Ins. Co. v Hartford Acc. and Indem. Co.*, 615 F.2d 595, 599 (3rd

Cir. 1980) (citing *United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977); *United States v. Awerkamp*, 497 F.2d 832, 835-36 (7th Cir. 1974); *Capitol Products Corp. v. Hernon*, 457 F.2d 541, 542-43 (8th Cir. 1972); *United States v. Harmon*, 339 F.2d 354, 359 (6th Cir. 1964), *cert. denied*, 380 U.S. 944 (1965).

Furthermore, Geiger has cited no cases which support his assertion this action should be stayed as the result of a pending motion to dismiss; and, the Court declines to stay this entire action based upon the mere pendency of a motion to dismiss. Accordingly, Geiger's motion for a protective order and temporary stay of further proceedings [Doc. No. 65] is **DENIED**.

### IV. Geiger's Motion for Permanent Order of Telephonic and/or Video Appearance for all Hearings and at Civil Trial

Geiger moves for a permanent order permitting him to appear at all hearings and civil trial by telephone and/or video conference on the grounds of medical incapacitation [Doc. No. 66-1]. That aspect of Geiger's motion which seeks to appear at the trial of this matter by telephone and/or video conference is premature, and may be further addressed by the district judge in due course.

As it relates to his motion to attend hearings telephonically, Geiger states he underwent an MRI of the Lumbar Spine on August 7, 2006 [*id.* at 2]. Geiger asserts that, based upon the results of the August 2006 MRI, he has been placed on medical restriction(s) [*id.*]. Geiger further asserts that, based upon his medical conditions:

> Any "forced" travel from Taft, California to Chattanooga, Tennessee, especially under the restrained conditions of an inmate as required by the U.S. Marshall's service, for hearings or trial, would subject Defendant to extreme and severe pain, and could also result in permanent nerve damage and loss of mobility.
>
> Mandatory appearance before this Court for purposes of civil hearings or trial under Defendant's current medical condition would be punitive; inflicting cruel and unusual punishment of a Federal

9

inmate in violation of the **Eighth Amendment** of the Constitution.

[*id.* at 3] (emphasis in original).

Attached to Geiger's motion are several attachments, including a report of an MRI of his lumbar spine dated August 7, 2006 [Doc. No. 66-2]. The Court notes that, while the report contains certain conclusions, it does not set forth medical restrictions. [*id.* at 1-2].

In their response to Geiger's motion for a permanent order permitting him to appear by telephone and/or video conference at all hearings, Plaintiffs take no position on Geiger's claim of medical incapacitation [*id.* at 77-1]. Plaintiffs state they have not sought to verify the legitimacy of Geiger's claim of medical incapacitation, although they reserve the right to do so in the future; however, they "note" that neither Geiger's motion nor the exhibits thereto set forth an opinion from a physician that Geiger is unable to travel outside of the Taft Correctional Institution, where he is currently incarcerated [*id.* at 3]. Nevertheless, Plaintiffs state they are willing to agree, in part, to Geiger's request to appear via telephone and/or video conferencing with certain conditions which are set forth in their motion [Doc. No. 77-1 at 3-4]. These conditions, as they relate solely to pre-trial, non-dispositive motions are:

> (3) Defendant Geiger may appear via telephone and/or video at any pretrial hearings. Defendant Geiger shall be responsible for all necessary arrangements and any costs associated with such appearance.

[Doc. No. 77-1 at 4].

Prisoners have no right to be present at any stage of civil judicial proceedings. *Holt v. Pitts*, 619 F.2d 558, 560 (6th Cir. 1980). The Supreme Court has stated that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285-86 (1948),

10

*overruled on other grounds by McCleskey v. Zant*, 499 U.S. 467 (1991) *accord*; *In re Collins*, 73 F.3d 614, 615 (6th Cir. 1995) (citing *Holt*, 619 F.2d at 560-61) (as party is incarcerated, he has no constitutional right to attend the depositions).

In this instance, Geiger has submitted a report of an August 7, 2006 MRI which does not set forth any medical restrictions and he has not submitted any opinion or assessment from any medical source which supports his claim of medical incapacitation. Accordingly, that aspect of Geiger's motion for a permanent order permitting him to appear at all non-dispositive motion hearings by telephone and/or video conference [Doc. No. 66-1] is **DENIED**. The Court is prepared to hold a hearing on any non-dispositive motion when it finds such a hearing is necessary to resolve the motion; and, if, and only if, the Court finds a hearing to be necessary, will it address the issue of whether Geiger may participate in that particular hearing by telephone and/or video conference.[1]

## V. Geiger's Motion to Quash Notice of Depositions

Geiger moves to quash the notice of depositions served by Plaintiffs on August 31, 2006 as being improperly served and in violation of Fed. R. Civ. P. 30(a)(2) and (b)(1) [Doc. No. 68]. Geiger asserts the notice of depositions is an attempt to circumvent Rule 30(a)(2), which requires

---

[1] In their response to Geiger's motion, Plaintiffs state in pertinent part that they are willing to permit Geiger to appear telephonically at any and all depositions of non-party deponents provided: (1) the depositions are scheduled for a date and time that is mutually agreeable to Plaintiff and the non-party deponents and coordinated with officials at the Taft Correctional Institution and (2) Geiger is responsible for any costs associated with his appearance at such depositions [Doc. No. 77-1 at 4]. Geiger has submitted a "notice" of intent in which he states he intends to appear telephonically at all depositions scheduled by the Plaintiffs in these consolidated actions and he requests Plaintiffs' counsel coordinate any deposition of a third party with the prison authorities [Doc. No. 79]. Given the positions of the parties with regard to this issue as outlined in their respective pleadings, the Court is of the opinion any issue presented by the "notice" can be resolved without Court action through a good faith conferral between Geiger and the Plaintiffs. To the extent any issues remain, an appropriate motion may be filed.

leave of court to examine a person confined in prison [*id.* at 2]. Geiger also asserts that the ten day's notice of the pending deposition he received was not "reasonable notice" as required by Fed. R. Civ. P. 30(b)(1) [*id.*]. Specifically, Geiger asserts "[t]en (10) days notice of a pending deposition to an entity or person, either in prison, or domiciled over 2000 miles from the place designated for deposition cannot be deemed <u>reasonable</u> by any legal or practical standard" [*id.*]. Geiger also contends he can only communicate effectively by mail service to determine his corporate or agency status and thus Plaintiffs are practicing tactics of "forced" failure to appear at a deposition [*id.*].

In their response in opposition to Geiger's motion to quash, Plaintiffs assert: (1) Geiger, as a *pro se* litigant, lacks standing to file a motion on the corporation's behalf [Doc. No. 71-1 at 3-4]; (2) the corporate defendants were properly served [*id.* at 4-6]; and (3) the corporate defendants have no Fifth Amendment privilege [*id.* at 6-8]. Consequently, Plaintiffs assert Geiger's motion to quash the notices of deposition should be denied [*id.* at 8].

To the extent Geiger is seeking to challenge the notice of depositions on behalf of the named corporate Defendants in this action, USA Mining, Inc. ("USAM"); USA Bullion Resources, Inc. ("USAB"); and Bugsy Malone's Speakeasy, LLC ("Bugsy Malone's"), he cannot do so as he is not an attorney representing the corporate Defendants. Geiger, who is not an attorney, appears *pro se* in this action and no attorney has entered an appearance on behalf of the corporate Defendants. The well-established rule "is that a corporation cannot appear in federal court except through an attorney." *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).

Although Geiger asserts Plaintiffs have not complied with Fed. R. Civ. P. 30(a)(2), which requires leave of court be obtained before the deposition of a person confined in prison can be taken, Plaintiffs have filed a motion for leave to conduct Geiger's deposition [Doc. No. 60]. Moreover,

12

to the extent Geiger claims the ten day's notice of the deposition he received was not reasonable, courts have found a shorter notice period to be reasonable. *See Jones v. United States*, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (eight days' notice of deposition found reasonable); *C & F Packing Co., Inc. v. Doskocil Companies, Inc.*, 126 F.R.D 662, 680 (N.D. Ill. 1989) (seven calendar days' notice of deposition was reasonable). In this instance, Geiger is incarcerated and Plaintiffs' counsel will be traveling to the Taft Correctional Institution to take Geiger's deposition. Given this situation, the Court finds, even assuming *arguendo* Geiger only received ten days' notice of the depositions, such notice was reasonable.[2]

Plaintiffs also served the notice of depositions on Geiger as to the three named corporate defendants pursuant to Fed. R. Civ. P. 4(h) which permits service "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Plaintiffs state although Rule 4(h) actually refers to service of the "summons and of the complaint," as opposed to a notice of deposition, they served the notices of depositions on Geiger, in lieu of the attorney for each of the corporate defendants, because none of the corporations is represented by an attorney [Doc. No. 71-1 at 5 n.1]. Plaintiffs further state that Geiger:

> was an officer of two of the Corporate Defendants, USAM and USAB, and a managing agent of the third, Bugsy Malone's. Therefore, service of the corporations through him was proper.
>
> All three of the Corporate Defendants are now defunct, according to the official records of the Nevada Secretary of State (See, Exhibit "B," USAM; Exhibit "C," USAB; and Exhibit "D," Bugsy Malone's). [Geiger] served as a president of USAM, although it appears that he was not the president at the time the USAM's corporation status was revoked (Exh. "B"). Defendant was the

---

[2] Plaintiffs assert Geiger actually received fifteen days' notice of the deposition, not ten days' notice as he claims [Doc. No. 71-1 at 6]. The Court need not resolve this dispute.

> president of USAB at the time USAB's status was revoked. (Exh. "C"). Defendant is listed as a managing member of Bugsy Malone's (Exh. "D").

[*id.* at 5].[3]

In his motion, Geiger cites his response to the Pension Benefit Guaranty Corporation's Requests for Admission, and states that in the absence of corporate books and records he "cannot admit or deny specifc [sic] dates in which he held any corporate office status or majority shareholder status" in USAM. [Doc. No. 68 at 2-3]. Geiger acknowledges he "did admit that during some period, [he] was a <u>previous</u> corporate officer and majority shareholder. As of <u>this</u> <u>date</u> Defendant Geiger is neither a corporate officer, director, shareholder, nor agent to the best of his knowledge and belief." [*id.* at 3] (emphasis in original). Geiger also acknowledges that in his response to the Requests for Admission he stated "without benefit or referral to USAB's corporate books and records, Defendant cannot admit or deny his status as a corporate office [sic] or director of USAB, or dates related thereto" [*id.*]. He further acknowledges he admitted in his response to the Requests for Admission "that during some period he was a majority shareholder of USAB. However, as of <u>this</u> <u>date</u>, Defendant Geiger is neither a corporate officer, officer, director, shareholder, nor <u>agent</u> to the best of his knowledge and belief." [*id.*]. With regard to defendant Bugsy Malone's, Geiger states "[i]f, in fact, Defendant Geiger is the designated, and <u>only</u> agent for Bugsy, then and [sic] deposition would be subject to Fed. R. Civ. P. 30(a)(1). Defendant Geiger currently has invoked his Fifth Amendment right against self-incrimination." [*id.*].

To the extent Geiger is asserting he individually intends to invoke his Fifth Amendment

---

[3] Exhibits B, C, and D referred to above are Document Nos. 71-3, 71-4, and 71-5, respectively.

privilege, and thus none of the corporate defendants, and in particular Bugsy Malone's, can be deposed, his argument is misplaced. An agent of a corporation does retain a personal privilege against self-incrimination. *United States v. O'Henry's Film Works, Inc.*, 598 F.2d 313, 316 (2d Cir. 1979). However, "[i]t is well settled that the Fifth Amendment privilege against self-incrimination does not extend to corporations and similar organizations. An agent of such an organization has a duty to produce the organization's records, even where the records might incriminate the corporation or the agent, if a valid summons or subpoena has issued for those records." *Id.* Thus, to the extent Geiger seeks to have the notice of deposition to the three corporate defendants quashed based upon his assertion of his privilege against self-incrimination, he cannot do so.

Accordingly, Geiger's motion to quash the Plaintiffs' notice of depositions [Doc. No. 68] is **DENIED**.

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE